12-3587-cv
Savage v. John Thomas Financial, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand thirteen.

Present:
ROBERT D. SACK,
PETER W. HALL,
DEBRA ANN LIVINGSTON,

*Circuit Judges.*

_____

Gary Savage,

Plaintiff-Appellant,

v.                                                          No. 12-3587-cv

Galaxy Media & Marketing Corp.,
Charlston Kentrist 41 Direct, Inc.,

Defendants,

John Thomas Financial, Inc., John Thomas Bridge and Opportunity Fund, LP, John Thomas Capital Management Group, LLC,

Defendants-Appellees.[1]

_____

---

[1] The Clerk of Court is respectfully requested to amend the caption accordingly.

1

FOR APPELLANT:         ETHAN A. BRECHER, Law Office of Ethan A. Brecher, LLC, New York, New York.

FOR APPELLEES:         ERIC R. STERN, Sack & Sack, Esqs., New York, New York, for John Thomas Financial, Inc.

JESSICA R. QUINN-HORGAN, Law Offices of Jessica R. Quinn-Horgan, Esq., Pittsburgh, Pennsylvania, for John Thomas Bridge and Opportunity Fund, LP, John Thomas Capital Management Group, LLC.

---

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*). UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-Appellant Gary Savage appeals from the judgment of the United States District Court for the Southern District of New York entered August 17, 2012 dismissing his claims for breach of contract and violation of New York Labor Law §§ 193 and 198 against Defendants-Appellees John Thomas Financial, Inc. ("JTF"), John Thomas Bridge and Opportunity Fund, LP ("the Fund"), and John Thomas Capital Management Group, LLC ("the Group") (collectively, the "JT Defendants"), pursuant to Fed. R. Civ. P. 12(b)(6) as set forth in that court's Memorandum and Order dated July 5, 2012. Savage seeks to collect from the JT Defendants what he asserts he is owed under his employment agreements with Galaxy Media & Marketing Corp. ("Galaxy"), and Charlston Kentrist 41 Direct, Inc. ("CK 41"). We assume the parties' familiarity with the facts, underlying arguments, and procedural history of the case, referencing them only as necessary to explain our decision.

We review *de novo* a district court's dismissal of a complaint pursuant to Fed R. Civ. P. 12(b)(6), accepting all factual allegations in the complaint as true. *Absolute Activist Value*

*Master Fund LTD v. Ficeto*, 677 F.3d 60, 65 (2d Cir. 2012). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A plaintiff does not meet the plausibility standard by pleading facts "merely consistent with a defendant's liability." *Id.* (quotations and citations omitted). Applying these standards, we agree with the district court's determination that Savage failed to state a plausible claim for relief sufficient to survive a motion to dismiss.[2]

Savage argues in substance that the JT Defendants became so involved in running Galaxy's operations that they should be held contractually liable for the terms of his employment agreements with Galaxy and CK 41.[3] The facts pleaded in the complaint, however, are insufficient to allege plausibly that the JT Defendants were "exercising control over the debtor

---

[2] In its analysis, the district court applied New York law based on the parties' exclusive reliance on New York law in their arguments to that court, but it noted that applying Nevada's stricter standards would produce the same result. To pierce the corporate veil and hold individuals or other entities liable on claims against a corporation, New York and Nevada law each require a showing that such entity has exercised influence or domination over the corporation such that the entity has effectuated a fraud or injustice. The primary difference between the two states' veil piercing standards is Nevada's additional requirement to demonstrate "such unity of interest and ownership that the corporation and the stockholder, director or officer are inseparable from each other." Nev. Rev. Stat. § 78.747(2)(b). This difference between the two states' law is not material to the determination of this appeal because Savage's claims fail regardless of which state's law is applied. *See Cobalt Partners, L.P v. GSC Capital Corp*, 97 A.D. 3d 35, 40 (N.Y. App. Div. 2012) (requiring a showing that "the owners exercised complete domination of the corporation in respect to the transaction attacked; and [] that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (internal quotation marks omitted)); *see also* Nev. Rev. Stat. § 78.747(2):

    a) The corporation is influenced and governed by the stockholder, director or officer;
    b) There is such unity of interest and ownership that the corporation and the stockholder, director or officer are inseparable from each other; and
    c) Adherence to the corporate fiction of a separate entity would sanction fraud or promote a manifest injustice.

[3] Savage refers to alter ego, lender liability, and piercing the corporate veil principles interchangeably throughout his arguments. For ease of reference and to avoid confusion we will refer to his rationale as veil piercing.

3

beyond that necessary to recoup some or all of what [they were] owed, and [were] operating the debtor as the *de facto* owner of an ongoing business." *Coppola v. Bear Stearns & Co.*, 499 F.3d 144, 150 (2d Cir. 2007) (holding that the "dispositive question" is whether a creditor is operating the debtor as an ongoing business or merely exercising the permissible "very substantial control in an effort to stabilize a debtor and/or seek a buyer"). The non-conclusory facts pleaded in Savage's complaint are consistent only with the JT Defendants exercising oversight as creditors rather than "join[ing] in or assum[ing] control of the borrower's business as a going concern." *Id*. at 149. Because Savage's complaint does not plead sufficient non-conclusory facts to "permit the court to infer more than the mere possibility of misconduct" on the part of the JT Defendants and fails to show that Savage is entitled to relief, his claims must fail. *Iqbal*, 556 U.S. at 679 (quotation and citations omitted).

To the extent Savage argues to this Court that the control the JT Defendants exercised over Galaxy and CK 41 was beyond that of mere creditors and was aimed at bringing about a public offering of Galaxy stock, that argument was not raised below, and we decline to consider it on appeal. *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (noting the "well-established general rule that an appellate court will not consider an issue raised for the first time on appeal" (internal quotation marks and citation omitted)).

Finally, Savage argues he should be allowed to pursue his New York Labor Law claims if this Court reinstates his breach of contract claims based on a veil-piercing theory. Because we affirm the dismissal of the latter claims for the reasons stated above, the New York Labor Law claims must also fail.

We have considered all of Savage's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

4

After oral argument, Savage filed a motion for leave to submit new evidence and for remand to the district court in order to file an amended complaint based on information contained in a recent filing by the United States Securities and Exchange Commission. We DENY those motions without prejudice. In so doing, we do not intend to preclude the district court from considering any such request for relief as may be presented to it. We express no view with respect to the appropriate procedural or substantive disposition of any such request.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk